## HERRINGTON v. DAVITT et al.

(Supreme Court, Appellate Division, Third Department. March 5, 1913.)

PLEADING (§ 317*)—BILL OF PARTICULARS—NEW PROMISE.

Where, in an action on a note, plaintiff pleaded, in anticipation of the defenses of limitations, discharge in bankruptcy, and a composition in bankruptcy, that the maker in his lifetime after the making of the note often promised and agreed to pay it, defendant, who pleaded the defenses anticipated, was entitled to a bill of particulars showing when and how the new promise was made, and, if in writing, setting forth a copy thereof.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, Rennselaer County.

Action by Etta F. Herrington against Ida Akin Davitt and another, as executors of Albert W. Davitt, deceased. From an order (78 Misc. Rep. 199, 139 N. Y. Supp. 198) denying their motion for a bill of particulars, defendants appeal. Reversed, and motion granted.

Argued before SMITH, P. J., and KELLOGG, LYON, and HOWARD, JJ.

Thomas O'Connor, of Waterford, for appellants.

Holmes & Bryan, of Troy (John B. Holmes, of Troy, of counsel), for respondent.

JOHN M. KELLOGG, J. The action is to recover upon a promissory note, and the complaint is in the usual form, with an added allegation that the maker "in his lifetime, after the making of said note, often promised, agreed to and with the plaintiff that he would pay the same." The answer admits the making of the note, but alleges the statute of limitations, discharge in bankruptcy, and a composition in bankruptcy, in which the plaintiff participated, as the sole defenses.

The new promise, therefore, is the real issue in the case, and is denied by the general clause of denial in the answer. It was unnecessary to allege the new promise in the complaint. The plaintiff very properly anticipated that she must rely upon such promise in order to recover. She having expressly tendered the issue, and it appearing that it is the only issue in the case, it seems proper that the defendants should be informed when and how the new promise was made, and, if in writing, furnished with a copy thereof.

The order is therefore reversed, with $10 costs and disbursements, and the motion granted, requiring the plaintiff to furnish a bill of particulars showing when the new promise was made, whether in writing or not, and, if in writing, a copy thereof.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes